UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHANIEL HERMAN MITCHELL,

           Petitioner,

v.

GERALD HOFBAUER,

           Respondent.
_____/

CASE NO. 06-11843
HONORABLE PAUL V. GADOLA

## OPINION AND ORDER DENYING HABEAS CORPUS PETITION

Nathaniel Herman Mitchell (Petitioner) has filed a *pro se* application for the writ of habeas corpus under 28 U.S.C. § 2254. The habeas petition challenges Petitioner's state convictions for armed robbery, carjacking, and two weapons offenses. Respondent urges the Court to deny the habeas petition on the grounds that Petitioner's claim is procedurally defaulted and without merit. The Court agrees. Therefore, the habeas petition will be denied.

**I. Background**

On March 26, 2003, Petitioner was convicted in Saginaw County, Michigan of armed robbery, Mich. Comp. Laws § 750.529, carjacking, Mich. Comp. Laws § 750.529a, possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b, and felon in possession of a firearm, Mich. Comp. Laws § 750.227f. The convictions stemmed from an armed robbery at Andre Smith's home in Saginaw, Michigan on October 11, 2001. Smith was robbed of clothing and jewelry by two gunmen, who took Smith's car when they left the house.

The trial court sentenced Petitioner as a habitual offender to two years in prison for the

felony firearm conviction, followed by concurrent terms of 270 months to 40 years in prison for the armed robbery and carjacking convictions and five to ten years in prison for the felon-in-possession conviction.

Petitioner appealed his convictions, alleging that (1) there was insufficient evidence to support the carjacking conviction, (2) the trial court erroneously denied his motion to sever the count for felon-in-possession of a firearm, (3) the trial court engaged in an *ex parte* communication with a juror, (4) the officer-in-charge informed the jury that Petitioner had a criminal history, (5) no attorney was present when the police showed photographs, including one of Petitioner, to the complaining witness, and (6) the cumulative effect of the errors deprived him of a fair trial. The Michigan Court of Appeals rejected these claims and affirmed Petitioner's convictions. *See People v. Mitchell*, No. 248654 (Mich. Ct. App. June 29, 2004) (unpublished).

Petitioner raised the same six claims and two additional claims in the Michigan Supreme Court. The two new issues alleged that (1) the state district court judge permitted an in-court identification of Petitioner at the preliminary examination even though Petitioner did not have an attorney and (2) the State's speedy trial rule was violated. On April 7, 2005, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *See People v. Mitchell*, 475 Mich. 885 (2005).[1]

Petitioner filed his habeas petition on April 18, 2006. The sole ground for relief and supporting facts read:

Denial of right of appeal.

As you too will notice, it's very obvious that the issues raised in this case: 126825/

---

[1] Justices Michael F. Cavanagh and Marilyn Kelly voted to grant leave to appeal.

COA: 248654 - including the Michigan Supreme Court plainly ignored / neglected to properly review issues, facts, especially facts that were evident, there was definitely a proven fact of mis-identification by process of a photographic lineup.

Respondent Gerald Hofbauer has filed an answer to the habeas petition through counsel. He construes the habeas petition to allege one claim regarding the photographic line-up. He argues that Petitioner's claim lacks merit and is procedurally defaulted by Petitioner's failure to object to the pretrial identification before or during trial. Petitioner has not filed a reply to Respondent's answer.

## II. Standard of Review

Petitioner is not entitled to the writ of habeas corpus unless he can show that the state court's adjudication of his claim–

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.

"[A]n *unreasonable* application of federal law is different from an *incorrect* application of

federal law." *Id*. at 410 (emphasis in original). "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id*. at 409.

The United States Court of Appeals for the Sixth Circuit has summarized Supreme Court decisions on suggestive pretrial identifications as follows:

> The admission of evidence derived from a suggestive identification procedure violates a defendant's right to due process if the confrontation leading to the identification was "so unnecessarily suggestive and conducive to irreparable mistaken identification that [the defendant] was denied due process of law." *Stovall v. Denno*, 388 U.S. 293, 301-02 (1967); *Neil v. Biggers*, 409 U.S. 188, 197 (1972). In analyzing whether a defendant was denied due process of law, [courts] conduct a two step inquiry. *Howard v. Bouchard*, 405 F.3d 459, 469 (6th Cir. 2005), *cert. denied*, 546 U.S. 1100 (2006). First, [courts] assess whether the identification was unnecessarily suggestive. *Id*. If so, [courts] then consider whether the evidence was nevertheless reliable despite the impermissible suggestiveness of the identification procedure. *Id*.

*Haliym v. Mitchell*, 492 F.3d 680, 704 (6th Cir. 2007).

### III. Discussion

In his state court brief, Petitioner argued that the police used the photographic line-up to cement its case against him and, therefore, he was entitled to have counsel at the line-up. Petitioner contends that the absence of counsel increased the risk of misidentification, which was his defense.

**A. Procedural Default**

The Michigan Court of Appeals reviewed Petitioner's claim for "plain error" affecting the outcome of the lower court proceedings because Petitioner did not object to the photographic line-up in the trial court. A state appellate court's review for plain error constitutes enforcement of a state procedural rule, *Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001). Federal habeas courts may not consider a state prisoner's procedurally defaulted claim "unless the prisoner can demonstrate cause

4

for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Petitioner has not offered any argument in support of a finding of "cause and prejudice." The Court therefore deems the "cause and prejudice" argument abandoned. *Roberts v. Carter*, 337 F.3d 609, 613 (6th Cir. 2003).

The narrow exception for fundamental miscarriages of justice requires a habeas petitioner to demonstrate that the alleged constitutional error probably resulted in the conviction of one who is actually innocent of the underlying offense. *Dretke v. Haley*, 541 U.S. 386, 388 (2004); *Murray v Carrier*, 477 U.S. 488, 496 (1986). "To be credible, such a claim requires [the] petitioner to support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327.

Petitioner has not presented any new evidence in support of a claim of actual innocence. Therefore, a miscarriage of justice would not occur if the Court failed to consider Petitioner's claim. The claim is procedurally defaulted.

**B. On the Merits**

Petitioner's claim also lacks merit. His reliance on *People v. Lee*, 243 Mich. App. 163 (2000), to support the argument that he was entitled to counsel at the photographic line-up under state law is unavailing, because "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited

to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991) (citing 28 U.S.C. § 2241 and *Rose v. Hodges*, 423 U.S. 19, 21 (1975) (*per curiam*)). Petitioner's federal constitutional claim lacks merit because "the Sixth Amendment does not grant the right to counsel at photographic displays conducted by the Government for the purpose of allowing a witness to attempt an identification of the offender." *United States v. Ash*, 413 U.S. 300, 321 (1973).

Finally, nothing in the record suggests that the pretrial identification was "so unnecessarily suggestive and conducive to irreparable mistaken identification that [Petitioner] was denied due process of law." *Stovall v. Denno*, 388 U.S. at 302. Mr. Smith testified that he was shown eight to ten photographs and that the detective did not tell him anything about the pictures before displaying them. Smith recognized Petitioner in one of the photographs without any hesitation. There was no doubt in his mind then or at trial that Petitioner was one of the two men who robbed him.

Even if the pretrial identification was suggestive, Mr. Smith's in-court identification of Petitioner at trial was reliable. He recognized Petitioner's face and voice during the robbery because he knew Petitioner as the father of a man who used to live near one of Smith's relatives. Smith also had a good opportunity to observe Petitioner during the crime. Petitioner stood in front of Mr. Smith for at least twenty minutes. During that time, Smith observed Petitioner repeatedly pull up the mask that he was wearing so that he could see. Smith saw the majority of Petitioner's face, that is, from his chin to the middle of his forehead. At the time, there were lights on in the kitchen and in the living room where the men took Smith. Smith was kneeling by a large fish tank, which also shed light.

To summarize, the pretrial identification procedures were not unnecessarily suggestive or

conductive to mistaken identification. Even if they were, the in-court identification was reliable.

## IV. Conclusion

The state court's rejection of Petitioner's claim did not result in a decision that was contrary to, or an unreasonable application of, Supreme Court precedent. Accordingly,

**IT IS HEREBY ORDERED AND ADJUDGED** that the application for a writ of habeas corpus [docket entry #1, Apr. 18, 2006] is **DENIED**.

**SO ORDERED.**

Dated: __March 31, 2008__            s/Paul V. Gadola
                                                 HONORABLE PAUL V. GADOLA
                                                 UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on __April 1, 2008__, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: __Laura A. Cook__, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: __Nathaniel Mitchell__.

                                                   s/Ruth A. Brissaud
                                                 Ruth A. Brissaud, Case Manager
                                                 (810) 341-7845